J-S46041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MONTANEZ, | : | |
| | : | |
| Appellant. | : | No. 544 EDA 2018 |

Appeal from the PCRA Order, January 26, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0327841-1994.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED OCTOBER 17, 2018**

William Montanez appeals *pro se* from the order denying his fourth petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On January 25, 1995, Montanez entered a guilty plea to second-degree murder and related charges.  That same day, the trial court imposed an aggregate sentence of life in prison.  Montanez did not file an appeal.  In 1998, and again in 2000, Montanez filed a PCRA petition that the PCRA court denied as untimely.  On August 13, 2012, Montanez filed a third PCRA petition in which he averred that the discussion of scientific findings regarding brain development in ***Miller v. Alabama***, 567 U.S. 460 (2012), met the newly-discovered evidence exception to the PCRA's time-bar.  The PCRA court

disagreed, and, on September 22, 2015, we affirmed the denial of post-conviction relief. *See Commonwealth v. Montanez*, 133 A.3d 76 (Pa. Super. 2015) (unpublished memorandum).

On March 23, 2016, Montanez filed the petition at issue, his fourth.[1] On December 13, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Montanez's petition without a hearing. Montanez filed his response on December 27, 2017. By order entered January 26, 2018, the PCRA court denied Montanez's petition as untimely. This appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Montanez raises the following issue:

A. Whether [Montanez] is entitled to post conviction relief based on newly discovered mitigating evidence regarding brain science and social science study?

Montanez's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

---

[1] Although Montanez identified this filing as both a petition for habeas corpus relief and for post-conviction relief under the PCRA, the PCRA court correctly treated it as a serial petition under the PCRA. *See Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (explaining that a habeas corpus petition must be treated as a PCRA petition when the issues raised therein are cognizable under the PCRA).

***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Before addressing the issue raised by Montanez, we must first determine whether the PCRA court correctly concluded that Montanez's PCRA petition is untimely.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] 42 Pa.C.S.A. § 9545. A PCRA petition

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time-bar must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Montanez's judgment of sentence became final over twenty years ago. As Montanez filed the instant petition in 2016, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Montanez has failed to establish any exception to the PCRA's time bar. He asserts that the PCRA court erred in denying him post-conviction relief because he had satisfied the "newly-established constitutional right" exception pursuant to the United States Supreme Court's opinion in *Miller v. Alabama*, *supra*. As acknowledged by Montanez, the high court in *Miller* held that a statute requiring a mandatory life sentence without possibility of parole for a

_____

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

*juvenile* convicted of first or second-degree murder violates the Eighth Amendment's prohibition against cruel and unusual punishment. Our review of the record in this case, however, supports the PCRA court's conclusion that *Miller* is inapplicable to Montanez because he was over the age of eighteen at the time he committed the murder. *See* Pa.R.Crim.P. 907 Notice, 12/13/17, at 2.

Moreover, although Montanez asserts that he has recently discovered a "Brain Science and Social Science Study" that concludes a person's brain does not fully develop until that person reaches his or her mid-20's, to date Pennsylvania precedent has rejected this argument as an unwarranted extension of *Miller*. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (rejecting petitioner's claim that, based upon "neuroscientific theories regarding immature brain development, he was a "technical juvenile"). As this Court recognized in *Furgess*, "[a] contention that a newly-recognized constitutional right **should** be extended to other[s] does not render [a] petition [seeking such an expansion of the right] timely pursuant to Section 9545(b)(1)(iii). *Id.* (citing *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013). Finally, to the extent Montanez argues that the *Miller* decision constitutes a "newly-discovered fact" under Subsection 9545(b)(1(ii), it is now well settled that subsequent decisional law does not amount to a "new fact" under this exception. *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016).

In sum, because Montanez was over the age of eighteen when he committed the murder, the PCRA court correctly concluded that he could not meet the "new constitutional right" exception to the PCRA's time-bar pursuant to *Miller*, *supra*. Thus, the court lacked jurisdiction to consider Montanez's claim, and we affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/18